UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br>　　　　　　Plaintiff,<br>v.<br>O. NAVARRO; E. ESTRADA; J. MEJIA;<br>and A. SILVA,<br>　　　　　　Defendants. | Case No.:  18cv1581-WQH(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [Doc. No. 48.]** |

　　　Plaintiff Lance Williams, a prisoner currently incarcerated at California Men's Colony, is proceeding in this Section 1983 civil rights action *pro se* and *in forma pauperis*. [Doc. No. 19.]  In his Complaint, plaintiff alleges that correctional officers at the Richard J. Donovan Correctional Facility ("RJD") violated his constitutional rights under the Eighth Amendment, because they were deliberately indifferent to his serious medical needs. [Doc. No. 1.]

　　　Before the Court is plaintiff's Motion to Compel Discovery [Doc. No. 48] and defendants' Opposition thereto [Doc. No. 52].  For the reasons outlined more fully below, the Court finds that plaintiff's Motion must be DENIED.  This denial is without prejudice to plaintiff timely serving defendants with a new set of written discovery, because the Court granted the parties' requests to re-open discovery in a separate Order.  Plaintiff is

forewarned that he must serve defendants with any new discovery requests in a timely manner (*i.e.*, very soon after receiving a copy of this Order). The requests must be narrowly tailored to seek documents and information that are relevant to the allegations in the operative Complaint. If defendants' responses to any new discovery requests are not adequate, plaintiff must clearly and completely satisfy the meet and confer requirements before filing another discovery motion.

## *Background*

In his Motion to Compel, plaintiff seeks an order from the Court compelling defendants to provide further responses to his Requests for Production of Documents (Set One), which were served on defendants on November 9, 2019. [Doc. No. 48, at p. 1.] Plaintiff attached a copy of these discovery requests to his Motion. [*See* Doc. No. 48, at pp. 3-10.]

Plaintiff's Motion also seeks an order from the Court compelling defendants to respond to additional written discovery requests referred to as "Set One Supplemental" and "Set Two." [Doc. No. 48, at p. 1.] A copy of these discovery requests is attached to plaintiff's Motion. [*See* Doc. No. 48, at pp. 11-13.]

Plaintiff submitted his Motion to Compel to prison officials for mailing on July 9, 2020. [Doc. No. 48, at pp, 20-21.] The Motion was then filed in the Court's docket on July 20, 2020.

## *Discussion*

Plaintiff argues in his Motion to Compel that defendants' responses to his Requests for Production of Documents (Set One) are evasive and incomplete, so the Court should order defendants to provide him with further responses to these requests. [Doc. No. 48, at p. 1.] In their Opposition to plaintiff's Motion to Compel, defendants argue that the Court should deny plaintiff's request for an order compelling them to provide plaintiff with further responses to his Requests for Production of Documents (Set One) for several reasons.

/ / /

First, defendants contend plaintiff's Motion to Compel is untimely as to Set One of his requests. In their Opposition and in a supporting Declaration by counsel, defendants represent they timely served plaintiff with responses to his Requests for Production of Documents (Set One) on December 13, 2019. As defendants contend, the Court's Scheduling Order requires the parties to raise discovery disputes within 45 days of an answer or objection. [Doc. No. 52, at p. 2, citing Doc. No. 30, at p. 2.] Here, plaintiff's Motion to Compel is untimely, because defendants' responses were sent to plaintiff on December 13, 2019, but he did not mail his Motion to Compel until July 9, 2020, long after the expiration of the 45-day deadline. Plaintiff does not explain the reason for this very lengthy delay. Therefore, the Court finds that plaintiff's Motion to Compel must be DENIED as untimely.

Second, as to these requests, defendants contend plaintiff failed to satisfy the meet and confer requirements, which are also outlined in the Scheduling Order. [Doc. No. 52, at p. 3, referring to Doc. No. 30, at p. 2 (stating that discovery motions can only be filed "after the parties have met and conferred and reached an impasse about all disputed issues").] In this regard, defendants dispute plaintiff's assertion that he mailed defense counsel a letter on January 22, 2020, requesting to meet and confer about defendants' responses to his Requests for Production of Documents (Set One).

Defense counsel represents in defendants' Opposition and in a supporting Declaration that he does not have a copy of this alleged letter from plaintiff or anything to document its receipt. In addition, plaintiff did not attach a copy of this letter to his Motion. Although plaintiff did submit a page from the prison's mail log, this page only indicates plaintiff mailed something to the Office of the Attorney General on January 22, 2020. According to defense counsel, plaintiff had at least nine active cases that were being handled by the Attorney General's office at that time. [Doc. No. 52, at p. 3.] Therefore, based on the information presented, the Court cannot conclude the meet and confer requirements were satisfied as to defendants' responses to plaintiff's Requests for Production of Documents (Set One). Accordingly, the Court finds that plaintiff's Motion

to Compel must also be DENIED for failure to satisfy the meet and confer requirements set forth in the Scheduling Order.

Third, defendants argue that plaintiff would not be entitled to an order by the Court compelling further responses to his Requests for Production of Documents (Set One) even if his Motion was timely and he satisfied the meet and confer requirements. [Doc. No. 52, at pp. 2-3.] Defendants are correct. Plaintiff did not submit a copy of defendants' responses for the Court's review. Nor has plaintiff submitted anything else from which the Court could conclude that any of defendants' responses to these discovery requests are not adequate.

The Court has also reviewed and considered the copy of plaintiff's Requests for Production of Documents (Set One) that is attached to plaintiff's Motion to Compel without the responses. [*See* Doc. No. 48, at pp. 3-10.] In this Court's view, plaintiff's requests are objectionable, because they are overly broad and seek production of documents that are not relevant to the claims in plaintiff's Complaint. For example, the allegations in the Complaint are that defendants were deliberately indifferent to plaintiff's serious medical needs, because they refused to open the door to plaintiff's cell, so he could obtain his medication. [Doc. No. 1, at pp. 3-5.] Plaintiff's document requests broadly seek production of "all records" pertaining to defendants that involve excessive force, violence, or attempted violence. [Doc. No. 48, at pp. 6-7.] Without more, any such records would not be relevant to the allegations in the Complaint. Therefore, even if plaintiff timely filed his Motion to Compel and satisfied the meet and confer requirements, he would not be entitled to an order by the Court compelling defendants to provide further responses to his Requests for Production of Documents (Set One). Accordingly, the Court finds that plaintiff's Motion to Compel must also be DENIED, because his Requests for Production of Documents (Set One) are objectionable as overly broad and because they seek production of many irrelevant documents.

As to the discovery requests referred to as "Set One Supplemental" and "Set Two," plaintiff states in his Motion to Compel that defendants did not respond to any of these

requests. Plaintiff therefore seeks an order by the Court compelling defendants to respond. [Doc. No. 48, at pp. 1; 11-13.] In their Opposition, defendants correctly contend these requests were not served in a timely manner. [Doc. No. 52, at pp. 1-2.]

Plaintiff's "Set One Supplemental" and "Set Two" are dated May 27, 2020, and the attached proof of service indicates these requests were mailed to defendants on May 27, 2020. [Doc. No. 48, at p. 13.] These requests are untimely, because the Scheduling Order in effect at the time they were served states as follows: "All fact discovery shall be completed by all parties by **January 31, 2020**." [Doc. No. 30, at p. 1 (emphasis in original).] Therefore, defendants were not required to provide plaintiff with any responses to these untimely requests, and the Court finds that plaintiff is not entitled to an order by the Court compelling defendants to respond to his untimely discovery requests. However, in a separate Order, the Court granted the parties' requests to re-open discovery, so plaintiff may re-serve defendants with these discovery requests if he does so right away to meet the new deadline for completing discovery.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion to Compel is DENIED as follows: [Doc. No. 48.]

1. As to plaintiff's Requests for Production of Documents (Set One), the Court finds plaintiff is not entitled to an order by the Court compelling defendants to provide further responses to these requests, because: (1) plaintiff's Motion to Compel was not filed in a timely manner as required by the Court's Scheduling Order; (2) plaintiff failed to establish that he satisfied the meet and confer requirements specified in the Court's Scheduling Order; and (3) plaintiff failed to show that any of defendants' responses to these requests are inadequate.

2. As to plaintiff's discovery requests referred to as "Set One Supplemental" and "Set Two," the Court finds plaintiff is not entitled to an order by the Court compelling defendants to respond to these requests, because they were not served in a timely manner. More specifically, plaintiff served defendants with these requests on

May 27, 2020, long after the January 31, 2020 deadline for completing fact discovery that was in effect at that time. However, as noted above, the Court granted the parties' request to re-open discovery in a separate Order. Therefore, as outlined more fully above, plaintiff may timely serve defendants with new discovery requests if he does so right away to meet the new deadline for completing fact discovery.

IT IS SO ORDERED.

Dated: September 22, 2020

Hon. Karen S. Crawford
United States Magistrate Judge