UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>      Plaintiff,<br><br>v.<br><br>O. NAVARRO; E. ESTRADA; J. MEJIA; and A. SILVA,<br><br>      Defendants. | Case No.: 18cv1581-TWR-(KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 104.]** |

Before the Court is plaintiff's *Ex Parte* Motion, which the Court initially construed as a Renewed Motion to Compel. [Doc. No. 104.] However, in effect, plaintiff's *Ex Parte* Motion seeks reconsideration of the Court's March 19, 2021 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel. [Doc. No. 104, referring to Doc. No. 97.] Plaintiff argues that the Court should issue an order requiring defendants to produce documents responsive to his Document Request Nos. 8 and 13 (Set One). The Court's March 19, 2021 Order denied plaintiff's request for an order requiring defendants to produce any further documents responsive to Document Request Nos. 8 and 13. [Doc. No. 97, at pp. 2-3; 4.] Defendants have filed an Opposition to plaintiff's *Ex Parte* Motion. [Doc. No. 106.] For the reasons outlined more fully below, the Court finds that plaintiff's *Ex Parte* Motion must be DENIED. [Doc. No. 104.]

1

### *Background*

The First Amended Complaint (the "Complaint") alleges that defendant Navarro, who was a control booth operator, refused to let plaintiff out of his cell to obtain his "psych medication" and his migraine medication on three different dates: February 22, 2018; February 25, 2018; and March 10, 2018. [Doc. No. 95, at pp. 3-5.] The Complaint also alleges that the remaining defendants, Mejia, A. Silva, R. Rodriguez; Castro; and M. Rodriguez, ignored plaintiff's calls for help and failed to intervene in the situation so that he could get his medications. [Doc. No. 95, at pp. 3-5.]

### *Discussion*

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. [Citation omitted.] A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. [Citation omitted.]'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). When seeking reconsideration, a party's moving papers must include an affidavit setting forth any new or different facts that did not exist when the prior request for relief was made. CivLR 7.1(i).

In his *Ex Parte* Motion, plaintiff has not identified any unusual circumstances, newly discovered evidence, or a change in the law that would justify reconsideration of the Court's prior ruling. Nor does plaintiff present any viable reason to indicate the Court's prior ruling was made in error. Plaintiff also did not submit the required affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i). Rather, plaintiff's *Ex Parte* Motion rehashes the same arguments he made in his original Motion to Compel [Doc. No. 86]. In their Opposition, defendants thoroughly address each of plaintiff's arguments once again, and they offer convincing reasons why they should not be compelled to provide plaintiff with further responses to Document Request Nos. 8 and

13 (Set One).  [Doc. No. 106, at pp. 1-8.]  In addition to these reasons, the Court notes there are far less intrusive means available for plaintiff to discover the information he seeks from defendants in these document requests.  Based on a review of the arguments and information presented, the Court finds there is no convincing reason to reconsider or modify the March 19, 2021 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Doc. No. 97].

## Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion for Reconsideration is DENIED.  [Doc. No. 104.]

IT IS SO ORDERED.

Dated:  May 26, 2021

Hon. Karen S. Crawford
United States Magistrate Judge