UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>O. NAVARRO; E. ESTRADA; J. MEJIA; and A. SILVA,<br><br>　　　　　　　　Defendants. | Case No.: 18cv1581-TWR(KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION AND RE-SETTING PLAINTIFF'S DEADLINE FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc. No. 125.]** |

　　　Before the Court is plaintiff's recently filed *Ex Parte* Motion for Reconsideration that was docketed as an Opposition to defendant's Motion for Summary Judgment. [Doc. No. 125.] In his *Ex Parte* Motion for Reconsideration [Doc. No. 125], plaintiff requests that the Court set aside its Order of August 9, 2021 [Doc. No. 122]. The Court's Order of August 9, 2021 [Doc. No. 122], denied plaintiff's *Ex Parte* Motion for Extension of the Summary Judgment Deadline pursuant to Federal Rule 56(d) [Doc. No. 118]. Pursuant to Federal Rule 56(d), plaintiff requested additional time to complete fact discovery, so that he could locate evidence to oppose defendants' Motion for Summary Judgment [Doc. No. 118, at p. 1].

/ / /

Plaintiff's current *Ex Parte* Motion for Reconsideration is essentially a second request for the Court to allow him additional time for discovery that he believes he needs to oppose defendants' Motion for Summary Judgment. [Doc. No. 125.] Defendants filed an Opposition to plaintiff's *Ex Parte* Motion for Reconsideration. [Doc. No. 127.] For the reasons outlined more fully below, the Court finds that plaintiff's *Ex Parte* Motion for Reconsideration must be DENIED.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. [Citation omitted.] A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. [Citation omitted.]'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). When seeking reconsideration, a party's moving papers must include an affidavit setting forth any new or different facts that did not exist when the prior request for relief was made. CivLR 7.1(i).

Plaintiff's *Ex Parte* Application does not seek reconsideration on the grounds of newly discovered evidence, clear error, or an intervening change in the law. Nor does plaintiff's Ex Parte Application present highly unusual circumstances. Therefore, plaintiff's *Ex Parte* Application for Reconsideration is subject to denial for these reasons alone.

Plaintiff seeks reconsideration because he is "a layman" and did not understand what information was needed when he previously filed his Rule 56(d) Motion. [Doc. No. 125, at p. 1.] He therefore filed his *Ex Parte* Motion for Reconsideration to provide the Court with additional information and to make a second request for additional time to complete discovery. Plaintiff explains that he wants time for additional discovery, because he hopes to elicit evidence about defendants' knowledge at the time of the incidents alleged in the operative Second Amended Complaint (SAC). [Doc. No. 125, at p. 1.] He speculates some or all the defendants have a history of the "same type of

conduct" alleged in the SAC, and he therefore believes discovery about defendants' prior conduct will show their actions or inactions at the time of the incidents alleged in the SAC were knowing.  Plaintiff also wants to be able to prove defendants knew he had constitutional rights and knew he had a serious medical need at the time of the alleged incidents.  [Doc. No. 125, at pp. 1-2.]  Plaintiff believes evidence of defendants' knowledge is essential based on the arguments made by defendants in their Motion for Summary Judgment.  [Doc. No. 125, at p. 2.]  However, plaintiff misreads defendants' Motion for Summary Judgment.

As explained in their Opposition to plaintiff's *Ex Parte* Motion for Reconsideration, plaintiff has not and cannot show that discovery on the issue of defendants' knowledge is essential to oppose defendants' Motion for Summary Judgment or that discovery on the issue of defendants' knowledge would preclude summary judgment.  This is because defendants' Motion for Summary Judgment raises legal rather than factual issues.  The arguments in their Motion assume that the facts as alleged in plaintiff's SAC are true.  In other words, defendants argue they are entitled to summary judgment in their favor even if plaintiff's factual allegations in the SAC are true.  Additional discovery on the issue of defendants' knowledge at this late date in the proceeding would therefore be futile.

Based on the foregoing, plaintiff's Motion for Reconsideration is DENIED.  [Doc. No. 125.]  Plaintiff must file and serve his opposition to defendants' Motion for Summary Judgment **_no later than October 15, 2021_**.

IT IS SO ORDERED.

Dated:  September 21, 2021

Hon. Karen S. Crawford
United States Magistrate Judge