UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                              Plaintiff,<br><br>v.<br><br>OFFICER NAVARRO, et al.,<br><br>                              Defendants. | Case No.: 18-CV-1581 TWR (KSC)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 114, 140, 147) |

     Presently before the Court is Defendants J. Mejia, O. Navarro, E. Estrada, and A. Silva's Motion for Summary Judgment ("Mot.," ECF No. 114), which Magistrate Judge Karen S. Crawford recommends the Court grant. (*See generally* ECF No. 140 ("R&R").) Plaintiff Lance Williams filed timely Objections to the Report and Recommendation ("Obj.," ECF No. 147), to which Defendants filed a Response ("Reply," ECF No. 148). Pursuant to Civil Local Rule 7.1(d)(1), the Court finds this matter suitable for disposition without oral argument. Having carefully considered Judge Crawford's R&R, the Parties' arguments, the record, and the relevant law, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Magistrate Judge Crawford's Report and Recommendation, and **GRANTS** Defendants' Motion for Summary Judgment.

1

## BACKGROUND

The Court incorporates by reference the factual and procedural background from Magistrate Judge Crawford's Report and Recommendation.  (*See generally* R&R at 2–5).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## ANALYSIS

Plaintiff raised numerous objections to Magistrate Judge Crawford's Report and Recommendation, which can be grouped as objections to the following of Magistrate Judge Crawford's findings: (1) Plaintiff did not suffer a serious medical condition; (2) Defendants were not deliberately indifferent; and (3) Defendants are entitled to qualified immunity.  (*See generally* Obj.)  The Court reviews each category of Plaintiff's Objections *de novo* in turn.

### I.  Serious Medical Condition

"A serious medical need requires an ailment of a greater magnitude or with a cause separate from confinement."  *Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (internal quotation marks omitted).  A serious medical need thus exists "if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Id.* (internal quotation marks omitted).

Plaintiff contends that his migraine was a serious medical need because "a migraine headache can elevate to cause a brain an[eu]rism or blood clot . . . blindness and nose bleeds and fainting/passing out."  (Obj. at 2.)  Additionally, Plaintiff asserts that the "defendants weren't in the cell suffering in pain and in injury with plaintiff so how do they know how serious plaintiff[']s medical need was."  (*Id.* at 1–2.)

  The Court agrees with Magistrate Judge Crawford that Plaintiff fails to provide evidence demonstrating that his migraines or psychiatric condition would qualify as a serious medical need. The only evidence Plaintiff provided in his opposition to Defendants' Motion was a progress note from his psychologist, S. Krittman, from an appointment on March 20, 2018—one day after the latest alleged incident. (ECF No. 130 Ex. A.) This note, however, notes "migraine" as an ongoing problem but does not indicate the severity or frequency of Plaintiff's migraines or that Plaintiff is prescribed medication for his migraines. (*See id.*)[1] Additionally, the psychologist did not note any psychiatric prescriptions, instead indicating Plaintiff's present issue was "anger management." (*See id.*)

  Accordingly, on *de novo* review, the Court agrees with Magistrate Judge Crawford's recommendation that Plaintiff did not meet his burden of demonstrating a serious medical need. Although this would suffice for the Court to grant summary judgment in Defendants' favor on Plaintiff's Eighth Amendment claim, the Court will consider the remainder of Magistrate Judge Crawford's Report and Recommendation and the Parties' arguments.

## II. Deliberate Indifference

  "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). First, the plaintiff must show a serious medical need. *See id.*; *see also supra* Section I. Second, the plaintiff must demonstrate that defendant's response to the serious medical need was deliberately indifferent. *See Jett*, 439 F.3d at 1096. The second step "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical

---

[1] Plaintiff himself was not sure whether the migraine medication was "as needed or if it was prescribed." *(See* ECF No. 114-2 at 31.)

treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* "[C]ourts considering a prisoner's claim must ask both if the officials act[ed] with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff contends that Defendants knew of his serious medical condition and deliberately ignored his yells of "man down," which functions to let officers know something is "wrong with a[n] inmate." (Obj. at 6.) Additionally, Plaintiff alleges he "informed defendants his nose was bleeding profusely," yet was ignored. (*Id.*) Plaintiff, however, does not provide any evidence to support his allegations. Plaintiff's deposition testimony, submitted by Defendants as an exhibit to their Motion, does not contain any evidence of these statements, and Plaintiff failed to submit his own independent evidence to support his allegations. Indeed, Plaintiff argues that he did not have to tell the officers what was wrong with him due to a "hippa rule," (*see id.* at 7), and that he could not recall whether he informed the officers of potential side effects should he be without his medication. (ECF No. 114-2 at 24.)[2]

---

[2] Plaintiff contends that his "deposition testimony is irrelevant because [his] complaint and what[']s presented in [his] opposition to summary judgment and these instant objections are contradictory to the statements made in the deposition." (*See* Obj. at 12.) Plaintiff is incorrect. Plaintiff's Complaint is not verified and thus is not evidence for purposes of a summary judgment motion. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985) ("The first amended complaint was unverified and is thus insufficient to counter a summary judgment motion supported by affidavits."). Additionally, statements in Plaintiff's opposition to Defendants' Motion and the instant Objections are not evidence upon which the Court can rely. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("On summary judgment, however, the plaintiff can no longer rest on the pleadings.").

Consequently, on *de novo* review, the Court agrees with Magistrate Judge Crawford that Plaintiff fails to raise a genuine issue of material fact as to Defendants' deliberate indifference to Plaintiff's serious medical need.

### III. Qualified Immunity

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982)) (internal quotation marks omitted).  To be "clearly established," the right's contours must be "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."  *See id.*  A defendant is "entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue" as to whether the defendant committed the acts alleged.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Plaintiff asserts that Defendants are not entitled to qualified immunity because he "presented a[n] 8th amendment violation of deliberate indifference and cruel and unusual punishment" and that "these constitutional rights were clearly established" at the time of alleged misconduct.  (*See* Obj. at 8.)  Defendants argue that they are entitled to qualified immunity because "they did not violate any clearly established constitutional right." (Mot. at 10.)  Defendants contend that it was not clearly established that a "migraine headache was a serious medical need that triggered the protections of the Eighth Amendment" or that any reasonable officer "would have understood that [Plaintiff's] psychiatric medication was for a serious medical need." (*Id.* at 13.)

On *de novo* review, the Court agrees with Magistrate Judge Crawford's Report and Recommendation finding that Defendants are entitled to qualified immunity.

/ / /

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Plaintiff's Objections (ECF No. 147), **ADOPTS** in its entirety Magistrate Judge Crawford's Report and Recommendation (ECF No. 140), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 114).

**IT IS SO ORDERED.**

Dated: March 29, 2022

_____
Honorable Todd W. Robinson
United States District Judge