UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER NAVARRO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-1581 TWR (KSC)<br><br>**ORDER (1) VACATING SEPTEMBER 30, 2022 ORDER; (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 145, 172, 173) |

Presently before the Court is the Motion for Summary Judgment (ECF No. 145, "Mot.") filed by the sole remaining Defendant to this action, T. Brisco, erroneously named as T. Brisio. The Honorable Karen S. Crawford issued a Report and Recommendation re Defendants' Motion for Summary Judgment (ECF No. 172, "R&R") recommending that the Court grant Defendant's Motion. The Court adopted the Report and Recommendation on September 30, 2022, prior to receiving Plaintiff's objections. (ECF No. 173.) Plaintiff had timely mailed objections to the Report and Recommendation, but they did not reach the Court before the filing deadline. (ECF No. 175, "Obj.") Before the Court had the opportunity to review and rule on Plaintiff's objections, Plaintiff filed a Notice of Appeal to the Ninth Circuit, divesting this Court of jurisdiction. (ECF No. 176.) The Court then

1

issued an Indicative Ruling stating that it would consider and rule on Plaintiff's objections if it had jurisdiction.  (ECF No. 177.)  The Ninth Circuit remanded the case back to this Court for the limited purpose of enabling the Court to consider and rule on Plaintiff's objections. (ECF No. 180.)  In light of Plaintiff's timely objections, the Court **VACATES** its prior order adopting the Report and Recommendation (ECF No. 173), which did not consider Plaintiff's objections.  But even considering Plaintiff's objections, and having carefully reviewed the Parties' arguments, the record, Magistrate Judge Crawford's Report and Recommendation, and the relevant law, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS** Defendant's Motion.

## BACKGROUND

Magistrate Judge Crawford's Report and Recommendation contains a thorough and accurate recitation of the factual and procedural history underlying Defendant Brisco's Motion.  (*See* R&R at 2.)  This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  "[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Consequently, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate

judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Objections must be "specific," *see* Fed. R. Civ. P. 72(b), consequently, "[n]umerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-CV-401-IEG (DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (collecting cases). Furthermore, any objections that "merely repeat the arguments already rejected by" the Magistrate Judge must be overruled because "[o]bjections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009); *see Thompson v. Nawaz*, 2:20-cv-10448-SVW (SK), 2022 WL 4109449, at * 1 (C.D. Cal. Sept. 8, 2022). The benefit of magistrate judges ceases to exist if district courts "are required to review [an] entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate." *Hagberg*, 2009 WL 3386595, at *1.

## ANALYSIS

In a single paragraph, Plaintiff "globally" objects to Magistrate Judge Crawford's Report and Recommendation, stating his claims are supported by case law and "solid evidence." (Obj. at 1.) He then repeats the same arguments Magistrate Judge Crawford already considered and rejected. (*See id.*). Plaintiff's general objections do not trigger this Court's de novo review, and his objections that seek to relitigate the entire matter by repeating the same arguments made to Magistrate Judge Crawford are overruled. Having reviewed the Report and Recommendation, the Court finds that it is thorough, well-reasoned, and contains no clear error. Concluding that nothing in Plaintiff's objections affects the material findings and conclusions in Magistrate Judge Crawford's Report and Recommendation, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS** Defendant's Motion for Summary Judgment.

/ / /

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **VACATES** its September 30, 2022, order (ECF No. 173), **ADOPTS** Magistrate Judge Crawford's Report and Recommendation (ECF No. 172) in its entirety, and **GRANTS** Defendant Brisco's Motion for Summary Judgment (ECF No. 145). Because Defendant Brisco was the sole remaining Defendant in this action, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 8, 2022

Honorable Todd W. Robinson
United States District Judge